UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RASHEED N. SHABAZZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:05cv0507 TCM |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Pending in this 28 U.S.C. § 2254 action is the motion of petitioner, Rasheed N. Shabazz, for the appointment of counsel. [Doc. 4] Petitioner explains in his motion that he is financially unable to retain counsel and that he has, despite diligent efforts, been unable to obtain counsel.

There is no constitutional or statutory right to appointment of counsel in habeas corpus proceedings. See **McCall v. Benson**, 114 F.3d 754, 756 (8th Cir. 1997); **Hoggard v. Purkett**, 29 F.3d 469, 471 (8th Cir. 1994). "[I]nstead, [the appointment of counsel] is committed to the discretion of the trial court." **McCall**, 114 F.3d at 756 (alterations added). Where the issues involved can be properly resolved without an evidentiary hearing, the court does not abuse its discretion in denying a request for appointment of counsel. See **Hoggard**, 29 F.3d at 471.

Petitioner is seeking habeas relief on eight grounds from a 25-year term of imprisonment imposed following his conviction for second degree murder. His petition is articulate and cogently states the grounds relied on and the supporting facts. Respondent

argues that the first five grounds are without merit based on the state courts' disposition of those grounds and the last three are procedurally barred.

At this stage of the proceedings, the issues raised in the petition appear to be neither factually nor legally complex and also appear to be appropriate for resolution without an evidentiary hearing.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel is **DENIED**.  [Doc. 4]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of October, 2005.